UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JANET SUSAN EASTRIDGE, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § CIVIL ACTION NO. H-04-3515 |
| | § |
| SHELL CHEMICAL COMPANY, | § |
| | § |
| Defendant. | § |

## MEMORANDUM AND ORDER

Pending before the Court in this employment discrimination case is Defendant Shell Chemical Company's ("Shell") motion to strike portions of the affidavits of Michael and J. Susan Eastridge's affidavits, which are attached as exhibits to Plaintiff's response to Shell's motion for summary judgment. After reviewing the parties' filings and the applicable law, the Court finds that the motion to strike, Docket No. 35, should be and hereby is **GRANTED IN PART** and **DENIED IN PART**.

Shell first challenges paragraphs 11 and 12 of Michael Eastridge's affidavit, which is attached to Plaintiff's summary judgment response as Exhibit O. According to Shell, these paragraphs are contradicted by Susan Eastridge's sworn deposition testimony. Paragraph 11 relates a conversation between Michael and Susan Eastridge concerning a telephone call from Elizabeth Williams to Susan Eastridge. After reviewing paragraph 11 and the relevant portions of Susan Eastridge's affidavit, the Court concludes that the two are not inconsistent. Both state that Williams warned Susan Eastridge that her job was in jeopardy. (*See* Def.'s Mot. to Strike, Ex. 1 (Susan Eastridge Dep.) at 101:9-101:10.)

1

In paragraph 12, Michael Eastridge describes another conversation between the Eastridges, this one concerning Susan's performance review. Contrary to Shell's characterization of the paragraph, it does not state that Williams told Susan Eastridge that Tholstrup had demanded a lower performance review than that recommended by Williams. It states only that the Eastridges believed that that was what had happened, and is thus consistent with Susan Eastridge's deposition testimony. (*See id.*, Ex. 1, at 49:1-49:24.)

Shell challenges additional portions of Michael Eastridge's affidavit as containing legal conclusions and unsupported allegations. Specifically, Shell challenges paragraphs 14, 17-20, and 22-23, which contain Michael Eastridge's characterizations of the process used to terminate Susan Eastridge's employment and his descriptions of Susan's work habits and behaviors. The Court finds that Mr. Eastridge, himself a longtime Shell executive and Susan Eastridge's husband and coworker, made these statements of his own personal knowledge.

Shell also objects to various portions of the affidavit of Susan Eastridge, which is attached to the summary judgment response as Exhibit A. In paragraphs 21 and 23 of the affidavit, Susan Eastridge states that she spoke with a colleague on or about certain dates. While Shell is correct in pointing out that, at the time of her deposition, Eastridge could not remember these dates, Exhibit M to Shell's motion for summary judgment, which consists of a series of e-mails among Shell executives, bears out the affidavit testimony.

In paragraph 24 of the affidavit, Susan Eastridge describes being called away from a meeting to receive an urgent assignment. Shell objects on the ground that Eastridge admitted, during her deposition, that she did not have any assignments due on

2

certain dates during the week following her receipt of the assignment. The lack of a specific due date does not, however, necessarily negate the urgency of the project, and the Court accordingly finds no inconsistency.

Paragraph 25 of the affidavit describes Susan Eastridge's work on a particular day. Shell objects on the ground that the paragraph describes only one project on which Eastridge worked that day, omitting any mention of another task to which, according to her deposition testimony, Eastridge devoted some time on that day. The affidavit does not expressly state that Eastridge worked *only* on the one project that day, and the discrepancy, if any, is *de minimis*.

Shell next challenges paragraphs 27 and 28 of the affidavit, on the same grounds asserted in support of its challenges to paragraphs 11 and 12 of Michael Eastridge's affidavit – namely, that Susan Eastridge's deposition testimony contradicts the Eastridge's description of the telephone call from Williams. For the reasons given above with respect to Mr. Eastridge's affidavit, the Court rejects this objection.

In paragraph 32 of her affidavit, Susan Eastridge states that she thought it odd that Tholstrup requested a copy of Eastridge's expense statement immediately after Eastridge had requested a copy of her performance assessment from Williams. Shell objects to the inference that Tholstrup knew of Eastridge's request. Eastridge is, however, entitled to testify to her own thoughts.

In paragraph 33, the Eastridge affidavit states that Eastridge asked Tholstrup why Tholstrup had given her a low performance rating. It does not, as Shell asserts in its motion, claim that Tholstrup actually had demanded the low rating.

Paragraph 44 of the affidavit states that Bebe Mora replaced Eastridge.  This paragraph is consistent with Eastridge's deposition testimony that various colleagues had told her that Mora had taken her job.  (*See id.*, Ex. 1, at 60:4-61:2.)

Shell also alleges that the affidavit contains impermissible legal conclusions and unsupported assertions.  In paragraph 9, Eastridge states that Mora had no experience in Eastridge's department at the time that Mora was hired.  As Eastridge explains in her response to the motion to strike, she had worked in the department for many years prior to Mora's hiring, and she therefore has personal knowledge of Mora's lack of experience there.

In paragraph 33, Eastridge avers that Tholstrup told her that her performance was lower in her last year at Shell than it had been in previous years.  Eastridge also states that it was unclear to her how Tholstrup could have gained this knowledge during her few months of work in the department.  These statements are based upon Eastridge's personal knowledge and her own thoughts and are, therefore, admissible.

Paragraph 45 asserts that Tholstrup's motivation in terminating Eastridge's employment was to lower the median or average age of workers within her department.  Shell is correct in stating that this allegation is conclusory and without support and should therefore be stricken.  The paragraph also includes an averment that, at the time of her termination, Eastridge was or would shortly have become eligible for lifetime medical benefits. While Shell disputes this statement, it is reasonably within Eastridge's personal knowledge as a longtime Shell employee.  Accordingly, the Court declines to strike it and notes that each party will have opportunities at the summary judgment stage and, if necessary, at trial to introduce evidence supporting its contention regarding benefits.

4

In paragraphs 47 and 48, the affidavit states that Shell regularly pays for employees' spouses and family members to accompany employees on trips and that Shell paid for Bebe Mora's niece to travel to London. Eastridge provides no evidence to support the generalized assertion regarding Shell employees, and that assertion must therefore be stricken. With regard to the statement concerning Mora, the parties disagree as to the import of various financial records reflecting the expenses incurred during the London trip. Because the meanings of the statements are unclear, the Court cannot find that Eastridge's reading of them is incorrect or unfounded. Again, the parties will be afforded every opportunity fully to address this issue.

Paragraph 49 states that Tholstrup has historically approved the types of expenses claimed by Eastridge, when claimed by male employees. No foundation is provided for this assertion, which must be stricken.

In paragraph 50, Eastridge avers that Shell employees are paid per diem rates when they travel and that some employees find ways to retain some of those monies for their personal use. The affidavit provides one specific example based upon Eastridge's personal knowledge. Accordingly, the statement is adequately supported.

Finally, in paragraphs 51-53, Eastridge makes various assertions pertaining to records provided to Shell by other employees and to the reasons for her termination. Eastridge has not demonstrated personal knowledge of these matters, and these statements must therefore be stricken. Eastridge's testimony regarding the amounts of the missing receipts and industry norms regarding personnel matters are grounded in her personal knowledge and experience and are, therefore, admissible.

In conclusion, Shell's motion to strike is **GRANTED** with respect to paragraphs 49 and the disapproved portions of paragraphs 45, 47, 48, 51, and 53, which are hereby **STRICKEN**.  Shell's motion is in all other respects **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 29th day of May, 2006.

_/s/ Keith P. Ellison_

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**